IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES AIR FORCE, )<br>)<br>Defendant. )<br>_____ ) | Civ. A. No. 1:11-CV-00349-RJL<br>Judge Richard J. Leon |

## DECLARATION OF THEODORE C. MARTIN

I, Theodore C. Martin, hereby declare as follows:

1.  I am employed as a Freedom of Information Act ("FOIA") Disclosure Officer with the Information Management Office within the Headquarters of the U.S. Air Force ("Air Force"). I was responsible for processing a request under FOIA made by Judicial Watch, Inc. to the Air Force by letter dated November 9, 2010. Accordingly, I have personal knowledge of the facts herein.

2.  I have been employed as a FOIA Disclosure Officer with the Air Force's Headquarters for approximately four months. Prior to that, I spent approximately two years working as a FOIA Disclosure Officer for the Department of Homeland Security and approximately three and a half years working as a FOIA Disclosure Officer for the Air Force's Air Combat Command. In my current position, my primary responsibilities include reviewing requests for information received under FOIA and coordinating the Air Force's response to such requests.

3.  In the course of performing my duties, I learned that the Air Force had received a letter, dated November 9, 2010, from Mr. Tegan Millspaw, on behalf of Judicial Watch,

requesting documents under FOIA. Specifically, the FOIA request sought the following records: (1) "[a]ll mission taskings for Senate Majority Leader Harry Reid's travel"; (2) "[a]ll records of costs of operating military aircraft for Majority Leader Harry Reid's travel"; (3) "[a]ll passenger manifests (DD-2131) for Majority Leader Harry Reid (including both domestic and international travel)"; and (4) "[a]ll travel reports for Majority Leader Harry Reid" from January 2007 to the present. The FOIA request also sought a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii). A true and correct copy of Judicial Watch's November 9, 2010 FOIA request is attached as Exhibit 1.

4. On December 16, 2010, I sent, via first-class U.S. mail, a letter to Mr. Millspaw acknowledging the Air Force's receipt of Judicial Watch's FOIA request. A true and correct copy of the December 16, 2010 acknowledgment letter is attached as Exhibit 2.

5. On January 11, 2011, I sent, via first-class U.S. mail, a letter to Mr. Millspaw responding in full to Judicial Watch's FOIA request. The letter informed Judicial Watch that Air Force staff had "conducted a comprehensive search of files within the Air Force Administrative Assistant Office and the Office of the Legislative Liaison" and had been "unable to locate or identify any responsive records." The letter stated that Air Force was waiving the fees associated with processing its request and also informed Judicial Watch of its right to file an administrative appeal by writing to the Secretary of the Air Force within sixty days. A true and correct copy of the Air Force's January 11, 2011 response letter is attached as Exhibit 3.

6. As of the date of this declaration, Judicial Watch has not administratively appealed the Air Force's determination that it was unable to find any records that would be responsive to Judicial Watch's FOIA request.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 17th day of March, 2011.

_____
Theodore C. Martin

# EXHIBIT 1



**Judicial Watch**
*Because no one is above the law!*

November 9, 2010

**VIA CERTIFIED MAIL & FACSIMILE**

Secretary of the Air Force
Headquarters Air Force/ICIO (FOIA)
1000 Air Force Pentagon
Washington, DC 20330-1000
Fax: (703) 693-2746

Re:  **Freedom of Information Act Request**

Dear Freedom of Information Officer:

Pursuant to the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Judicial Watch, Inc. hereby requests that the U.S Air Force produce the following within twenty (20) business days:

1) All mission taskings for Senate Majority Leader Harry Reid's travel.

2) All records of costs of operating military aircraft for Majority Leader Harry Reid's travel.

3) All passenger manifests (DD-2131) for Majority Leader Harry Reid (including both domestic and international travel).

4) All travel reports for Majority Leader Harry Reid.

The time frame for this request is from January 2007 to present.

We call your attention to President Obama's January 21, 2009 Memorandum concerning the Freedom of Information Act, in which he states:

> All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA...The presumption of disclosure should be applied to all decisions involving FOIA.[1]

---

[1] President Barack Obama, "Memorandum for the Heads of Executive Departments and Agencies, Subject:

Page 2 of 3

President Obama adds that "The Freedom of Information Act should be administered with a clear presumption: In the case of doubt, openness prevails." Nevertheless, if any responsive record or portion thereof is claimed to be exempt from production under FOIA, please provide sufficient identifying information with respect to each allegedly exempt record or portion thereof to allow us to assess the propriety of the claimed exemption. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). In addition, any reasonably segregable portion of a responsive record must be provided, after redaction of any allegedly exempt material. 5 U.S.C. § 552(b).

Judicial Watch also hereby requests a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii). Judicial Watch is entitled to a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because it is a member of the news media. See *National Security Archive v. U.S. Department of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989). In fact, Judicial Watch has been recognized as a member of the news media in other FOIA litigation. See *Judicial Watch, Inc. v. U.S. Department of Justice*, 133 F. Supp.2d 52 (D.D.C. 2000); and, *Judicial Watch, Inc. v. Dep't of Defense*, 2006 U.S. Dist. LEXIS 44003, *1 (D.D.C. June 28, 2006). Judicial Watch, Inc. regularly obtains information about the operations and activities of government through FOIA and other means, uses its editorial skills to turn this information into distinct works, and publishes and disseminates these works to the public. It intends to do likewise with the records it receives in response to this request.

Judicial Watch also is entitled to a complete waiver of both search fees and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Under this provision, records:

> shall be furnished without any charge or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of government and is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii).

In addition, if records are not produced within twenty (20) business days, Judicial Watch is entitled to a complete waiver of search and duplication fees under the OPEN Government Act of 2007, Section 6(b).

Judicial Watch is a 501(c)(3), not-for-profit, educational organization, and, by definition, it has no commercial purpose. Judicial Watch exists to educate the public about the operations and activities of government, as well as to increase public understanding about the importance of ethics and the rule of law in government. The particular records requested herein are sought as part of Judicial Watch's ongoing efforts to document the operations and activities of the federal government and to educate the

---

Freedom of Information Act," January 21, 2009; <http://www.whitehouse.gov/the_press_office/FreedomofInformationAct.>

Page 3 of 3

public about these operations and activities. Once Judicial Watch obtains the requested records, it intends to analyze them and disseminate the results of its analysis, as well as the records themselves, as a special written report. Judicial Watch will also educate the public via radio programs, Judicial Watch's website, and/or newsletter, among other outlets. It also will make the records available to other members of the media or researchers upon request. Judicial Watch has a proven ability to disseminate information obtained through FOIA to the public, as demonstrated by its long-standing and continuing public outreach efforts, including radio and television programs, website, newsletter, periodic published reports, public appearances, and other educational undertakings.

Given these circumstances, Judicial Watch is entitled to a public interest fee waiver of both search costs and duplication costs. Nonetheless, in the event our request for a waiver of search and/or duplication costs is denied, Judicial Watch is willing to pay up to $350.00 in search and/or duplication costs. Judicial Watch requests that it be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

In an effort to facilitate record production within the statutory time limit, Judicial Watch is willing to accept documents in electronic format (e.g. e-mail, .pdfs). When necessary, Judicial Watch will also accept the "rolling production" of documents.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact us immediately at 202-646-5172 or tmillspaw@judicialwatch.org. We look forward to receiving the requested documents and a waiver of both search and duplication costs within twenty (20) business days. Thank you for your cooperation.

Sincerely,

Tegan Millspaw
Judicial Watch

# EXHIBIT 2



**DEPARTMENT OF THE AIR FORCE**
HEADQUARTERS, UNITED STATES AIR FORCE
WASHINGTON, DC

December 16, 2010

HAF/IMIO (FOIA)
1000 Air Force Pentagon
Washington DC 20330-0100

Mr. Tegan Millspaw
Judicial Watch
425 Third St., SW, Suite 800
Washington, DC 20024
info@judicialwatch.org

**Re: FOIA case 2011-01181-F**

Dear Mr. Millspaw;

　　This is to acknowledge receipt of your November 9, 2010, Freedom of Information Act request for information relating to the following:

　　1) All mission taskings for Senate Majority Leader Harry Reid's travel;

　　2) All records of costs of operating military aircraft for Majority Leader Harry Reid's travel;

　　3) All passenger manifests (00-2131) for Majority Leader Harry Reid (including both domestic and international travel) and;

　　4) All travel reports for Majority Leader Harry Reid.

The time frame for this request is from January 2007 to present.

　　Every effort will be made to respond in twenty business days if such records exist and whether to release or withhold the requested records under the Freedom of Information Act, 5 U. S. C. 552. If we should need additional time, you will be notified in writing.

　　Please direct your questions to Theodore Martin at 703-692-9981 and reference case **FOIA case 2011-01181.**

　　　　　　　　　　　　　　　　Sincerely

　　　　　　　　　　　　　　　　///Signed///
　　　　　　　　　　　　　　　　THEODORE C. MARTIN
　　　　　　　　　　　　　　　　Freedom of Information Act Disclosure Officer

# EXHIBIT 3



DEPARTMENT OF THE AIR FORCE
HEADQUARTERS, UNITED STATES AIR FORCE
WASHINGTON, DC

January 11, 2011

HAF/IMIO (FOIA)
1000 Air Force Pentagon
Washington DC 20330-1000

Mr. Tegan Millspaw
Judicial Watch
425 Third St., SW, Suite 800
Washington, DC 20024
info@judicialwatch.org

**Re: FOIA 2011-01181-F**

Dear Mr. Millspaw;

This is our final response to your November 9, 2010, Freedom of Information Act (FOIA) request for records relating to the following:

1) All mission taskings for Senate Majority Leader Harry Reid's travel;

2) All records of costs of operating military aircraft for Majority Leader Harry Reid's travel;

3) All passenger manifests (00-2131) for Majority Leader Harry Reid (including both domestic and international travel) and;

4) All travel reports for Majority Leader Harry Reid, the time frame for this request is from January 2007 to present.

We conducted a comprehensive search of files within the Air Force Administrative Assistant Office and the Office of the Legislative Liaison for records that would be responsive to your request during the time period specified. Unfortunately, we were unable to locate or identify any responsive records.

If you interpret this "no records" response as an adverse action, you may appeal our decision by writing to the Secretary of the Air Force within 60 days from the date of this letter. If no appeal is received, or if the appeal is postmarked after the conclusion of this 60-day period, the appeal may be considered closed. Include your reasons for reconsideration along with a copy of this letter. Mail to:

Secretary of the Air Force
Thru: HAF/IMIO (FOIA)
1000 Air Force Pentagon
Washington DC 20330-1000

Department of Defense Regulation 5400.7 indicates fees be assessed for processing this request; however, the fees are waived in this instance.

Sincerely

Digitally signed by MARTIN.THEODORE.1026667484
DN: c=US, o=U.S. Government, ou=DoD, ou=PKI,
ou=USAF, cn=MARTIN.THEODORE.1026667484
Date: 2011.01.11 15:27:05 -05'00'

THEODORE C. MARTIN
Freedom of Information Act
Disclosure Officer

2